IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHRISTIAN AGUSTIN, § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-671 |
| § | |
| U.S. BANK, N.A., § | |
| *Defendant*. § | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE ALFRED H. BENNETT:

Defendant U.S. Bank National Association ("U.S. Bank") files this Motion for Summary Judgment under Federal Rule of Civil Procedure 56, and respectfully shows the Court the following:

### I.  NATURE AND STAGE OF PROCEEDING

This is a foreclosure-prevention lawsuit related to a purchase-money loan secured by residential real property located at 16534 Space Center Blvd., Houston, Texas 77058 (the "Property"). Plaintiff Christian Agustin filed his Original Petition, Application for Injunctive Relief, and Request for Disclosures in state court. *See* Doc. No. 1-4 at 5–40. Plaintiff obtained an *ex parte* temporary restraining order enjoining foreclosure in state court. *See* Doc. No. 1-4 at 42–43. U.S. Bank subsequently removed this action on the basis of diversity jurisdiction. *See* Doc. No. 1. U.S. Bank now moves for final summary judgment on Plaintiff's causes of action for breach of contract, violations of the Texas Property Code, and violations of the Texas Debt Collection Act ("TDCA"), including the related requests for injunctive and declaratory relief.

## II. SUMMARY OF ARGUMENT

Plaintiff does not dispute default under his home loan; rather, Plaintiff alleges that U.S. Bank attempted to foreclose on his property by failing to follow "proper procedure" and "HUD regulations." *See* Doc. 1-1 at 7 (¶ 9–11). However, the summary judgment evidence conclusively establishes that U.S. Bank complied with all applicable contractual and statutory requirements for noticing the February 1, 2022 foreclosure sale subsequently enjoined by the state court. For this reason and the others stated below, this Court should grant summary judgment in U.S. Bank's favor and render judgment that Plaintiff take nothing by this lawsuit.

## III. SUMMARY JUDGMENT EVIDENCE

U.S. Bank attaches hereto and incorporates by reference the following exhibits in support of its Motion for Summary Judgment:

- **Exhibit A**: Declaration of Shannon M. Bevins
    - **Exhibit A-1**: Deed of Trust (June 17, 2016)
    - **Exhibit A-2**: Promissory Note (June 17, 2016)
    - **Exhibit A-3**: Assignment of Deed of Trust (March 20, 2019)
    - **Exhibit A-4**: Late Payment Notice (January 22, 2019)
    - **Exhibit A-5**: Mortgage Assistance Solicitation (February 5, 2019)
    - **Exhibit A-6**: Mortgage Assistance Solicitation (February 11, 2019)
    - **Exhibit A-7**: HUD Delinquency Notice (February 14, 2019)
    - **Exhibit A-8**: HUD Face-to-Face Notice (February 15, 2019)
    - **Exhibit A-9**: Notice of Default (February 19, 2019)
    - **Exhibit A-10**: Delinquency Notice (March 12, 2019)
    - **Exhibit A-11**: Mortgage Assistance Solicitation (December 13, 2021)

- **Exhibit B**: Declaration of Thuy Frazier
    - **Exhibit B-1**: Notice of Acceleration and Sale (November 15, 2021)
    - **Exhibit B-2**: Recorded Notice of Sale (November 16, 2021)

- **Exhibit C**: Special Warranty Deed (January 25, 2022)

## IV. SUPPORTING FACTS

On June 17, 2016, Plaintiff obtained a purchase-money loan from Academy Mortgage Corporation to acquire the Property that is evidenced by a Note in the amount of $161,912.00 and

a Deed of Trust. *See* **Ex. A-1 & A-2**. The Deed of Trust and Note are collectively referred to as the "Loan." The Loan was subsequently transferred to U.S. Bank. **Ex. A** (¶ 8). The Note is endorsed in blank. **Ex. A-2**. The Deed of Trust was assigned to U.S. Bank by Assignment recorded in the public records for Harris County, Texas, on March 21, 2019. **Exs. A** (¶ 7)**, A-3**.

**Plaintiff's Default.** Plaintiff defaulted on his payment obligations by failing to make his January 1, 2019 monthly payment and subsequent payments. **Ex. A** (¶ 11)**, A-5.** Thereafter, U.S. Bank sent Plaintiff multiple letters notifying him of his delinquency and inviting him to discuss potential mortgage assistance options, which includes letters dated January 22, 2019, February 5, 2019, February 11, 2019, February 14, 2019, and February 15, 2019. *See* **Exs. A-4–A-8**. U.S. Bank's February 15, 2019 correspondence specifically notified Plaintiff that he may be eligible for a face-to-face meeting with a U.S. Bank representative if he resided in his home and lived within 200 miles of a U.S. Bank location and once again encouraged Plaintiff to contact U.S. Bank. *See* **Ex. A-8**. Notably, in 2019, when Plaintiff defaulted, U.S. Bank did not have a branch office within 200 miles of the Property that performed mortgage origination or servicing activities. **Ex. A** (¶ 14).

**The Notice of Default.** On February 19, 2019, U.S. Bank sent a Notice of Default and a Right to Cure by certified mail to Plaintiff at the Property address that informed Plaintiff of the amount required to cure the default, the time period to cure the default (thirty days), and U.S. Bank's intent to accelerate the Loan if Plaintiff did not cure the default. **Ex. A-9**. On March 12, 2019, U.S. Bank sent Plaintiff a letter again notifying Plaintiff of his delinquency, providing contact information to obtain information about any available default-related assistance, and providing a website where Plaintiff could apply for mortgage assistance. **Ex. A-10**.

**Notice Acceleration and Sale.** On November 15, 2021, U.S. Bank sent a Notice of Acceleration and Notice of Sale by certified mail to Plaintiff that notified him that the maturity

date of the Loan had been accelerated and that a foreclosure sale had been scheduled for February 1, 2022. **Ex. B, B-1**. U.S. Bank filed the Notice of Sale with the Harris County Clerk's Office on November 16, 2021. **Ex. B-2**. U.S. Bank once again notified Plaintiff of potential options to avoid foreclosure in a letter dated December 13, 2021. *See* **Ex. A-11**. On January 25, 2022, Plaintiff executed a Special Warranty Deed conveying the Property to "Space Center Trust, Justina De Pasquale as Trustee." *See* **Ex. C**. Plaintiff no longer owned the property as of January 25, 2022.

**Lawsuit**. On January 27, 2022, Plaintiff filed this lawsuit seeking to enjoin the February 1, 2022 foreclosure sale that he alleged would "depriv[e] Plaintiff of ownership of the Property." *See* Doc. 1-4 at 13. Plaintiff vaguely alleges that U.S. Bank (1) did not respond to Plaintiff's outreach for loss mitigation options after he allegedly faced "financial difficulty due to the COVID-19 pandemic," (2) "posted the Property for foreclosure sale without providing Plaintiff proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration of debt, and notice of foreclosure sale," and (3) "failed to provide face-to-face counseling pursuant to HUD regulations." *See* Doc. 1-4 at 7–9. Premised on these allegations, Plaintiff asserts claims for breach of contract, violations of the Texas Property Code, violations of the TDCA, and declaratory and injunctive relief.

U.S. Bank has no record of any attempt by Plaintiff to contact U.S. Bank to request mortgage assistance prior to the filing of this lawsuit. **Ex. A** (¶ 15).

## V.    ARGUMENTS & AUTHORITIES

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). There is no genuine dispute as to any material fact. U.S. Bank is entitled to final summary

judgment on Plaintiff's causes of action for breach of contract, Texas Property Code violations, TDCA violations, and the requested declaratory and injunctive relief.

**A.     Plaintiff's breach-of-contract claim fails as a matter of law.**

To prevail on a breach of contract claim under Texas law, Plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by [Plaintiff]; (3) breach of contract by [U.S. Bank]; and (4) damages sustained by [Plaintiff] as a result of the breach." *See Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003). Plaintiff alleges that U.S. Bank's actions constitute a breach of contract because "Defendant breached the parties' agreement by violating paragraph 14 of the Deed of Trust by failing to send all required foreclosure notices to Plaintiff at the proper address, as well as violating HUD Regulations incorporated into said Deed of Trust by not providing the Face-to-Face meeting as required." *See* Doc. 1-4 at 9 (¶ 18). The summary judgment evidence conclusively defeats both alleged breaches.

> 1.  <u>U.S. Bank sent Plaintiff all required foreclosure notices in compliance with the Deed of Trust and Texas law.</u>

Paragraph 14 provides in relevant part:

> Any notice to [Plaintiff] in connection with this [Deed of Trust] shall be deemed to have been given to [Plaintiff] when mailed by first class mail or when actually delivered to [Plaintiff'] notice address if sent by other means. . . . The notice address shall be the Property Address unless [Plaintiff] has designated a substitute notice address by notice to Lender. . . . If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

*See* **Ex. A-1** at 6 (¶ 14). Section 51.002 of the Texas Property Code governs foreclosure notices under a deed of trust or other contract lien on real property used as the debtor's residence. *See* TEX. PROP. CODE § 51.002. U.S. Bank complied with both the Deed of Trust and Texas law.

The summary judgment evidence confirms that U.S. Bank sent Plaintiff a timely and statutorily compliant foreclosure notices by certified mail addressed to Plaintiff's last known

address—the Property address.[1] *See* **Exs. A (¶ 11), A-9, B, & B-1**. The February 19, 2019 notice of default advised Plaintiff of the amount required to cure his default and U.S. Bank's intent to accelerate the loan if Plaintiff did not cure the default within thirty days.[2] *See* **Ex. A-9**. The November 5, 2021 acceleration notice advised Plaintiff that U.S. Bank had accelerated Plaintiff's loan due to his failure to cure his default and provided Plaintiff with a Notice of Substitute Trustee's Sale for a foreclosure sale scheduled for February 1, 2022.[3] *See* **Ex. B-1**.

Consequently, U.S. Bank is entitled to summary judgment on Plaintiff's breach-of-contract claim premised on an alleged failure to provide contractually compliant foreclosure notices.

2. <u>U.S. Bank did not breach the Deed of Trust through alleged non-compliance with HUD regulations.</u>

Non-compliance with HUD regulations can only form the basis of a breach-of-contract action if the regulations are expressly incorporated into the parties' agreement. *See Johnson v. World Alliance Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016). Plaintiff alleges U.S. Bank "violat[ed] HUD Regulations incorporated into said Deed of Trust by not providing the Face-to-Face meeting as required." Doc. 1-1 at 9 (¶ 18). This allegation cannot support Plaintiff's claim.[4]

---

[1] "Service of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." TEX. PROP. CODE § 51.002(e).

[2] "[T]he mortgage servicer of the debt shall serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giving the debtor at least 20 days to cure the default before notice of sale can be given . . . ." *Id.* § 51.002(d).

[3] "[N]otice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by: . . . (3) serving written notice of the sale by certified mail on each debtor . . . ." *Id.* § 51.002(b).

[4] As an initial matter, Plaintiff fails to identify where in the Deed of Trust the HUD regulations are incorporated. *See* Doc. 1-1 at 5–15. This pleading deficiency is independently fatal to the claim. *See Moore v. Wells Fargo Bank, N.A.*, No. 19-CV-1673-S-BK, 2020 WL 5127777, at *2 (N.D. Tex. Aug. 5, 2020), *report and recommendation adopted*, 2020 WL 5110369 (N.D. Tex. Aug. 31, 2020).

While not cited by Plaintiff, the face-to-face meeting requirement is located in 24 C.F.R. § 203.604. Section 203.604 requires a mortgagee to have a face-to-face meeting with the mortgagor or make a "reasonable effort" to arrange such a meeting, "before three full monthly installments due on the mortgage are unpaid." *See* 24 C.F.R. § 203.604(b). A "reasonable effort" consists of one letter sent to the borrower by certified mail. *See id.* 203.604(d). If the mortgage property is within 200 miles of the "mortgagee, its servicer, or a branch office of either," then a "reasonable effort" additionally includes at least one trip to see the borrower. *Id.* Section 203.604(c) makes clear that a face-to-face meeting is not required if "[t]he mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either." *Id.* § 203.604(c)(2).

The summary judgment evidence confirms that U.S. Bank complied with 24 C.F.R. § 203.604. Neither U.S. Bank nor any of its branch offices that performed mortgage originating or servicing activities were located within 200 miles of the Property in 2019, when Plaintiff defaulted. *See* **Ex. A** (¶ 14). Consequently, no face-to-face meeting was required under 24 C.F.R. 203.604 prior to initiating foreclosure. *See* 24 C.F.R. § 203.604(c)(2). Nevertheless, U.S. Bank made a reasonable effort to arrange for a face-to-face meeting by sending Plaintiff a letter by certified mail. *See* **Exs. A** (¶ 10)**, A-8.** This is in addition to the several additional attempts to reach Plaintiff to discuss potential mortgage assistance options. *See* **Exs. A-4–A-7, A-11.**

Therefore, U.S. Bank is entitled to summary judgment on Plaintiff's breach-of-contract claim premised on an alleged violation of a 24 C.F.R. § 203.604.

   3. <u>Plaintiff has no evidence of damages to support his breach-of-contract claim.</u>

Even if Plaintiff could prove a breach of contract (he cannot), Plaintiff's breach-of-contract claim cannot withstand summary judgment because Plaintiff has no evidence connecting any alleged breach to damages.

"If the alleged breach of contract did not cause the plaintiff's damages, then there can be no recovery for breach of contract." *Clearview Props., L.P. v. Prop. Tex. SC One Corp.*, 287 S.W.3d 132, 139 (Tex. App.—Houston [14th Dist.] 2009, pet. denied); *see also S. Elec. Services, Inc. v. City of Houston*, 355 S.W.3d 319, 324 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (holding that the complained of "losses must be the natural, probable, and foreseeable consequence of the defendant's conduct"). Here, Plaintiff obtained an *ex parte* temporary restraining order enjoining the foreclosure sale. *See* Doc. 1-4 at 42–43. Plaintiff has not been damaged because there has been no foreclosure. *See, e.g.*, *Salazar v. Shellpoint Mortgage Servicing*, No. 1:20-CV-204, 2021 WL 2638053, at *4 (S.D. Tex. June 9, 2021), *report and recommendation adopted*, (S.D. Tex. June 25, 2021) ("Salazar has pled no facts showing that he sustained any damages because of the breach, given that he remains in his home and it has not been foreclosed upon.").[5]

Therefore, U.S. Bank is entitled to summary judgment because Plaintiff has no evidence connecting any damages to either alleged breach of contract.

**B.  Plaintiff's Texas Property Code claim fails as a matter of law.**

Plaintiff alleges that U.S. Bank violated the "Texas Property Code § 51 because [U.S. Bank] never sent proper and timely notice of default, the opportunity to cure the default, notice of intent to accelerate the debt, notice of acceleration, and notice of foreclosure sale." Doc. 1-4 at 10 (¶ 21). As an initial matter, Section 51.002 does not create a private right of action. *See, e.g.*, *Salmeron v. Deutsche Bank Tr. Co. Americas*, No. 3:20-CV-00150, 2021 WL 5154567, at *4 (S.D. Tex. June 30, 2021) (citing cases). But even if it did, Plaintiff's Texas Property Claim simply

---

[5] *See also Creech v. Everbank*, 467 F. Supp. 3d 425, 433 (E.D. Va. 2020) ("Creech cannot allege that the failure to engage in a face-to-face meeting caused her any damages."); *Njema v. Wells Fargo Bank, N.A.*, 124 F. Supp. 3d 852, 866 (D. Minn. 2015), *aff'd.*, 673 F. App'x 609 (8th Cir. 2017) ("There is simply no reason to believe that Wells Fargo would not have pursued foreclosure or that a face-to-face meeting would have made any difference.").

rehashes his breach-of-contract claim premised on an alleged breach of the notice provision in the Deed of Trust. *Compare* Doc. 1-4 at 9 (¶ 18), *with* Doc. 1-4 at 10 (¶ 21). Therefore, it fails for the same reasons. *See supra* Parts V.A.1 & 3.

### C. Plaintiff's TDCA claim fails as a matter of law.

Plaintiff alleges that U.S. Bank violated several provisions of the TDCA by "seek[ing] to sell the Property at a foreclosure sale prior to giving the proper notices as required by Texas law and in violation of federal laws and regulations." *See* Doc. 1-4 at 12 (¶ 27). These are the same allegations alleged in support of Plaintiff's two other claims. *Compare* Doc. 1-4 at 9 (¶ 18) *and* Doc. 1-4 at 10 (¶ 21), *with* Doc. 1-4 at 12 (¶ 27). Consequently, Plaintiff's TDCA claims share their fate.

To state a TDCA claim, Plaintiff must show: (1) the debt at issue is a consumer debt; (2) U.S. Bank is a debt collector within the meaning of the TDCA; (3) U.S. Bank committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiff; and (5) Plaintiff was injured as a result of the alleged wrongful act. *See* TEX. FIN. CODE §§ 392.001, *et seq.* However, the TDCA does not prevent a debt collector from "exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings." *Id.* § 392.301(b)(3).

As previously shown, the summary judgment evidence conclusively establishes U.S. Bank provided Plaintiff with statutorily compliant foreclosure notices and complied with 24 C.F.R. § 203.604. *See supra* Parts V.A–B. This same summary judgment evidence is fatal to Plaintiff's TDCA claim. Therefore, Plaintiff cannot adduce any evidence premised on these allegations that U.S. Bank:

    (1)   "threatened to take an action prohibited by law" by noticing the property for a foreclosure sale, *see* TEX. FIN. CODE § 392.301(a)(8);

    (2)   "misrepresent[ed] the character, extent, or amount of a consumer debt," *Id.* § 392.304(a)(8);

  (3)  "represent[ed] falsely the status or nature of the services rendered by the debt collector or the debt collector's business," *id.* § 392.304(a)(14); and

  (4)  "us[ed] any other false representation or deceptive means to collect a debt," *id.* § 392.304(a)(19).

*See* Doc. 1-4 at 11 (¶ 26). As a result, U.S. Bank is also entitled to summary judgment with respect to Plaintiff's TDCA claims.

### D. Plaintiff is not entitled to declaratory or injunctive relief.

Plaintiff requests a declaratory judgment that "the pending foreclosure sale is wrongful" premised on the same allegation supporting his three alleged causes of action. *Compare* Doc. 1-4 at 9 (¶ 18) *and* Doc. 1-4 at 10 (¶ 21), *and* Doc. 1-4 at 12 (¶ 27), *with* Doc. 1-4 at 8 (¶ 13). Plaintiff additionally seeks injunctive relief enjoining U.S. Bank from selling the Property at a foreclosure sale. *See* Doc. 1-4 at 14 (¶ 38). Both requests for relief are dependent on the assertion of a viable cause of action. Because the summary judgment evidence conclusively defeats all alleged causes of action as a matter of law, the Court must also deny the requested declaratory and injunctive relief. *See Romero v. Ocwen Loan Servicing, LLC*, No. 7:17-CV-304, 2018 WL 4103030, at *9 (S.D. Tex. July 5, 2018) (granting summary judgment with respect to requested declaratory and injunctive relief in the absence of a viable underlying cause of action).

### VI. CONCLUSION

The summary judgment evidence confirms that that there are no genuine disputes as to any material facts and that U.S. Bank is entitled to summary judgment as to all claims and request for relief asserted by Plaintiff in this action. Accordingly, U.S. Bank respectfully requests that the Court grants its Motion for Summary Judgment and render judgment that Plaintiff take nothing by his claims. U.S. Bank further requests all relief, at law or in equity, to which it is entitled.

Respectfully submitted,

**Daniel Durell**
State Bar No. 24078450
S.D. Tex. Bar No. 2745564
daniel.durell@lockelord.com
**LOCKE LORD LLP**
600 Congress Ave., Suite 2200
Austin, Texas 78701
Telephone: (512) 305-4700
Facsimile: (512) 305-4800

**COUNSEL FOR DEFENDANT**
**U.S. BANK NATIONAL ASSOCIATION**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on September 27, 2022, on the following via ECF pursuant to the Federal Rules of Civil Procedure:

**VIA ECF**
Robert C. Vilt
VILT AND ASSOCIATES – TX, P.C.
5177 Richmond Avenue, Suite 1142
Houston, Texas 77056
Clay@viltlaw.com
*Counsel for Plaintiff*

Daniel Durell